IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-35,259-03






EX PARTE MARVIN DWAYNE BROWN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-1058542-P IN THE 203RD DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance with intent to deliver and was sentenced to fifty years' imprisonment. The Fifth
Court of Appeals affirmed his conviction. Brown v. State, No. 05-11-00247-CR (Tex. App.--Dallas
2012, no pet.).

 In a single ground, Applicant contends that appellate counsel rendered ineffective assistance
because she failed to raise jury charge error. Appellate counsel responded in a sworn affidavit, and
the trial court found her affidavit credible and recommended that we deny this application. We
believe, however, that the record is not sufficient to resolve Applicant's claim. 

 Applicant has alleged facts that, if true, might entitle him to relief. Smith v. Robbins, 528
U.S. 259 (2000); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may order appellate counsel to further respond to Applicant's claim. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to: (1) whether
trial counsel properly preserved jury charge error; (2) whether there was some evidence presented
at trial that would have permitted a rational jury to find that, if Applicant was guilty, he was guilty
only of possession of a controlled substance; (3) what evidence presented at trial showed that
Applicant was guilty of possession of a controlled substance with intent to deliver; (4) whether
appellate counsel's decision not to raise jury charge error was deficient; and (5) if appellate counsel's
decision was deficient, whether there is a reasonable probability that the result on appeal would have
been different. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: June 12, 2013

Do not publish